[No. 12860.   In Bank. — March 12, 1889.]

## JENNIE R. POOL, RESPONDENT, *v.* H. K. CLIFFORD ET AL., APPELLANTS.

TITLE TO PROPERTY BOUGHT WITH BORROWED MONEY. — Personal property bought with borrowed money is the property of the borrower, and passes by a deed of all his property, goods, and chattels.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The action was brought to recover the value of certain personal property. The defendant claimed title to the property under a deed made by D. M. Pool, the husband of the plaintiff, to H. K. Clifford, which described the property intended to be conveyed thereby as "all lands and tenements, goods, chattels, and property of all descriptions, both real and personal, and mixed, and choses in action, wherever the same may be, except such property as is by law exempt from execution and forced sale." On the trial, the defendant offered this deed in evidence, but it was excluded by the court. The further facts are stated in the opinion.

*L. W. Elliott*, for Appellants.

*J. C. Campbell*, for Respondent.

HAYNE, C.—Action to recover the value of certain horses and other personal property. Verdict for plaintiff for eight hundred dollars. Defendant appeals. It is contended that there is no evidence that the plaintiff was the owner of the property.

As to two of the horses, Tommy and Dandy, which however do not seem to have been of much value, there can be no doubt that they belonged to the plaintiff. They were raised upon her ranch, and she allowed her husband to use them in the business. But we cannot say that there was any evidence that the other horses were the property of the plaintiff. It appears that the plaintiff had several thousand dollars in money, which she lent to her husband. She says: "The money was in the stable in the safe. My husband used it as he pleased. I gave him the money, and he used it as he deemed it advisable in the business. He did n't tell me all his business, but he often told me whenever he got the money he would do as he deemed best; the money was there, and he would use it as he deemed profitable for the business. Susie was bought with my money, and he said I should have her as security. . . . . *I loaned my husband two hundred dollars to buy her.*" Other horses, carts, etc., were bought much in the same way, and were brought to the stable and used by the husband in his business. Plaintiff says: "Whenever he used my money to buy property, horses, he gave them to me as security. None, of this property was purchased without it being reported to me and I acquiesced in it."

This is the substance of the testimony in relation to the question of ownership. We think it must be held that the wife loaned the money to the husband, and that the horses were his property. The "security" which she seems to have supposed she had amounts to nothing, because she never had possession of the property.

The defendant's motion for nonsuit should have been granted, except as to Tommy and Dandy. The deed offered by defendant should have been received in evidence, the description being, in our opinion, sufficient to cover all the personal property which the husband had.

We therefore advise that the judgment and order

appealed from be reversed, and the cause remanded for a new trial.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.

THORNTON, J., concurring.—I concur in the judgment of reversal, on the ground that the complaint of plaintiff should have been stricken out, and the action dismissed on defendant's motion to dismiss the action.

The defendant, after issue joined, gave notice to plaintiff's attorney of the taking of the deposition of plaintiff on the 15th of February, 1888, at a place and time stated in the notice. Along with this notice was served an affidavit that Jennie R. Pool was the plaintiff in the action. Plaintiff was duly subpœnaed to appear at the time and place mentioned above. The plaintiff refused to appear at such time and place to give her deposition. On these facts the defendant, on the 15th of February, 1888, the day on which the action was tried, moved the court below to dismiss the action, which motion was denied, and defendant excepted.

I am of opinion that the defendant had the undoubted right to have the complaint of plaintiff stricken out, under section 1991 of the Code of Civil Procedure. In this case, a party to an action willfully refused to obey a subpœna, or to be sworn as a witness. In either case, defendant was entitled to have the complaint of such party stricken out.

It makes no difference that plaintiff's motion was in form to dismiss the action instead of to strike out the complaint. Striking out the complaint is substantially dismissing the action. The motion may well be to dismiss the action or to strike out the complaint.

I will add further, that there was manifest error com-

mitted by the court at the trial in excluding from the jury the deed of assignment of January 8, 1887, executed by Pool to Clifford, with evidence of its acknowledgment and record.

There is no defect· or insufficiency in the description in the deed. This description is general, but it is aided in that regard by the schedule, which was erroneously excluded by the court, as was the bond executed by Clifford as assignee.